upon which this action was brought. *Held.* that the agreements were illegal, under section 45 of the bankrupt act, and that as they were still unexecuted, this court would not enforce them.

Appeal from an order made at the Special Term, granting a motion for a new trial, made upon the minutes of the justice before whom the case was tried.

This action has already been before the General Term, the decision being reported in 1 New York Supreme Court (T. & C.), 494.

*Sherman S. Rogers*, for appellant. *Edward R. Bacon*, for respondent.

Opinion by Gilbert, J.

Present — Smith, P. J., Gilbert and Merwin, JJ.

Order affirmed.

---

MARY JANE FOSTER, Respondent, v. BURTON FOSTER, Appellant.

*Post-nuptial agreement — Release of dower — sufficient consideration to support a promise.*

Post-nuptial agreements between husband and wife, though void in law, will be sustained and enforced in equity to the extent of the actual consideration thereof. (*Shepard* v. *Shepard*, 7 Johns. Ch., 57; Story's Eq. Jur., §§ 1368 to 1376.)

Accordingly, where a husband, in order to induce his wife to relinquish her right of dower in certain real estate which he wished to sell, agreed to give her seventy dollars a year during his life, *held*, that the release by the wife of her inchoate right of dower was a valuable and sufficient consideration for the promise (*Garlick* v. *Strong*, 3 Paige, 440; *Simar* v. *Canaday*, 53 N. Y., 298), and that the husband should be compelled to perform the agreement on his part.

Appeal from an order made at the Special Term, overruling a demurrer to the complaint.

*J. Welling*, for appellant. *Charles McLouth*, for respondent.

Opinion by Gilbert, J.

Present — Smith, P. J., Gilbert and Merwin, JJ.

Order affirmed.